[No. 14470.  Department One.  April 26, 1918.]

C. P. PRICE, *Respondent*, v. C. H. HORNBURG, *as Hornburg Automobile Company, Appellant*.[1]

APPEAL—BRIEFS—ASSIGNMENT OF ERROR.  In the absence of an assignment of error in the brief, error cannot be based upon exceptions to the exclusion of evidence.

SALES — CONSTRUCTION OF CONTRACT — RIGHT TO TERRITORY — DEPOSIT.  A contract whereby a dealer was given "the right to sell" ten motor cars of a certain model in specified territory, and requiring a deposit of fifty dollars on each car when ordered, is not a contract for the sale of ten cars, although there was a prepayment of $500 as a deposit, in the absence of any reference in the contract to, or proof of, any orders for cars.

SAME — DEALER'S CONTRACT — RECOVERY OF DEPOSIT — BURDEN OF PROOF.  In such case, in an action to enforce repayment of the dealer's deposit, as provided in the contract at its expiration after the last car ordered was delivered and paid for, in which the prepayment of the $500 deposit was admitted, the burden of proof was upon the defendant to show an order for the cars, or some valid defense entitling him to retain the deposit.

Appeal from a judgment of the superior court for Spokane county, Girand, J., entered December 20, 1916, upon findings in favor of the plaintiff, in an action to recover a deposit made under a sales contract, tried to the court.  Affirmed.

*Barker & Barker*, for appellant.

*H. J. Hibschman*, for respondent.

WEBSTER, J.—On June 14, 1913, appellant, called the "company," and respondent, called the "dealer," entered into a written contract, the provisions thereof pertinent to the present inquiry being as follows:

"The dealer shall have the right to sell, and the company will sell to him, the following styles and types of motor cars, namely, Maxwells, from the following ter-

[1]Reported in 172 Pac. 575.

ritory: Lewis county, and north half of Idaho county, state of Idaho; quantity 10, model Maxwells, discount 15%.

"If any contract to take and pay for cars is unfulfilled by the dealer, the company may retain the amount of any deposit remaining to his credit.

"The dealer, with each order for cars, shall make a deposit or prepayment to the company, in current funds, of not less than fifty dollars ($50) upon each car ordered, which sum shall be credited by the company to the dealer and will be repaid when last car ordered is delivered and paid for, except that any part or all of said deposit may, at the option of the company, be credited against any part or open account due the company from the dealer."

After the expiration of the contract, respondent brought this action, alleging that, on the date of its execution, he advanced to the appellant and deposited with him the sum of $500, and that he had paid in full for all automobiles ordered by him; that he had also paid all accounts due from him to the appellant, and that he had demanded the return of the deposit, which demand had been refused. The prayer was for a judgment in the sum of $500.

For answer, the appellant denied the material allegations of the complaint, and by way of affirmative defense, alleged that, at the time of entering into the contract, respondent ordered from him the ten Maxwell automobiles mentioned therein and paid to him the sum of $500 as a deposit or prepayment thereon; that respondent took delivery of only one of the cars so ordered; that appellant had in all things complied with the terms of the contract on his part to be performed; that he had been ready, willing and anxious for respondent to take delivery of and pay for the remaining nine automobiles, but that he had failed and refused to do so, and that appellant retained the $500 as pro-

vided in the contract. The allegations of the affirmative answer were traversed by reply. Upon the issues thus joined the cause was tried to the court sitting without a jury, resulting in a judgment in favor of the plaintiff, from which this appeal is prosecuted.

Upon the trial, over appellant's objection, the court ruled that, under the state of the pleadings, the burden of proof was on the defendant, to which an exception was duly noted. Thereupon the defendant undertook to prove by parol that, at the time of the execution of the contract, the plaintiff ordered ten automobiles, and that the $500 in question represented the deposit of $50 on each car as stipulated in the contract, which evidence was rejected by the court. Exception to the exclusion of this testimony was duly taken, but no assignment of error based thereon is made in the brief. While we are inclined to the opinion that this ruling was erroneous, the question is not before us for review. It is insisted, however, that the contract pleaded and relied on by both parties is, on its face, an order for ten automobiles at the price specified in the contract. We cannot accede to this view. The language of the contract in this respect is, "The dealer shall have the right to sell, and the company will sell to him the following types and styles of motor cars." This provision merely gave respondent the right to sell in the territory assigned to him ten Maxwell automobiles, and bound appellant to furnish him not to exceed that number of cars when ordered by the dealer, the contract by its terms clearly contemplating the future order of cars. No mention is made in the agreement of the payment of $500, and if that sum represents the advance deposit on ten automobiles actually ordered by respondent, proof of such fact rests in parol, or at least must be established independently of the contract. Since no evidence was received on this point, the only

question remaining is whether the court erred in holding that the burden of proof rested with defendant, this being one of the errors assigned in the brief.

The payment of the $500 deposit being admitted, and the term of the contract having expired, it was incumbent upon appellant to allege and prove some valid defense or counterclaim which would entitle him to retain the deposit. *Nicolls v. Wetmore,* 174 Iowa 132, 156 N. W. 319.

The burden being on the defendant, and the defendant's evidence in discharge of that burden having been excluded by the court, and there being no assignment of error based upon such ruling, there is no alternative —the judgment must be affirmed.

ELLIS, C. J., FULLERTON, MAIN, and PARKER, JJ., concur.